Bobbie BRELAND, An
Individual, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
An Illinois Corporation, Defendant.

ALLSTATE INSURANCE COMPANY,
An Illinois Corporation,
Counter–Plaintiff,

v.

Bobbie BRELAND, An Individual,
Counter–Defendant.

Civ. A. No. S88–0690(G).

United States District Court,
S.D. Mississippi, S.D.

Aug. 7, 1989.

Ben F. Galloway, Owens, Galloway & Clark, Gulfport, Miss., for plaintiff.

Floyd G. Hewitt, Jr., Compton, Crowell and Hewitt, Biloxi, Miss., for defendant.

**322**

## OPINION

GEX, District Judge.

This matter is before the Court on the defendant/counter-plaintiff, Allstate Insurance Company's (Allstate) Motion for Summary Judgment as to its Counter-claim for Declaratory Judgment; and on the plaintiff/counter-defendant, Bobbie Breland's (plaintiff) Cross–Motion for Summary Judgment. The Court after fully considering the record in this cause, together with the parties' Memorandum Briefs and supporting affidavits, makes the following findings of fact and conclusions of law.

## FACTS

This action stems from a multi-vehicle accident which occurred on or about May 9, 1987. The plaintiff filed suit against Allstate seeking uninsured motorist benefits under the terms of an automobile insurance policy issued by Allstate to the plaintiff and her husband. In turn, Allstate has filed a counterclaim for declaratory judgment asking the Court to interpret and construe the subject policy to exclude the plaintiff from benefits for the subject accident under either the liability or uninsured motorist coverages of the policy.

Plaintiff and Bernard Breland were husband and wife before the accident, at the time of the accident, and after the accident. Prior to the subject accident of May 9, 1987, Allstate policy numbered 015870013 was issued to plaintiff and her husband. This policy remained in effect at the time of the accident.

This policy provided certain coverages, including bodily injury liability protection in the maximum amount of $25,000 per person and $50,000 per occurrence, and uninsured motorist bodily injury protection in the maximum amount of $25,000 per person and $50,000 per occurrence. Because the subject policy contained uninsured motorist endorsements on two (2) separate vehicles, it provided aggregated or stacked uninsured motorist bodily injury protection in the maximum amounts of $50,000 per person and $100,000 per occurrence.

Plaintiff, a guest passenger in a vehicle driven by her husband, was severely and permanently injured in an automobile accident which occurred on the 9th day of May, 1987. The accident was caused by the negligence of her husband who was driving the family vehicle. Allstate has paid the limits of the policy's bodily injury per occurrence coverage of $50,000 to the drivers and passengers, respectively, of the other vehicles.

Under the facts of the case, Allstate agrees that the vehicle driven by plaintiff's husband would be an underinsured vehicle by virtue of the fact that the "limits" of the liability coverage (25/50) are less than the "limits" of the two aggregated or stacked uninsured motorist endorsements (50/100). Thus, but for the doctrine of interspousal immunity, the plaintiff could make a claim for underinsured motorist benefits. The parties have entered into a Stipulation narrowing the legal issues to be decided by the Court in this case. The Stipulation provides that the sole issue to be determined by the Court is the retroactive effect of *Burns v. Burns*, 518 So.2d 1205 (1988), which abolished the common law doctrine of interspousal immunity in Mississippi. All other issues are dismissed, and the parties agree that if the Court rules that *Burns* is retroactive, then Allstate will pay the aggregated per person occurrence limits of $50,000 applicable under the insurance agreement existing between the plaintiff and Allstate. Furthermore, if the Court rules that *Burns* is not retroactive, then the plaintiff will receive nothing.

## DISCUSSION

Allstate submits that the subject policy does not provide benefits to the plaintiff for the accident under the liability or uninsured motorist provisions because the *Burns* decision did not create a retroactive right or cause of action for personal injury by one spouse against the other; did not act as the revivor of the previously extinguished cause of action; and did not declare itself to be retroactive in its application. Therefore, Allstate asserts that the

plaintiff is not legally entitled to benefits under the policy.

In pertinent part, Mississippi's uninsured motorist act provides:

(1) No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle....

Miss.Code Ann. § 83–11–101 (Supp.1988). The subject policy issued by Allstate contained the following uninsured motorist provision:

We will pay damages for bodily injury, sickness, disease or death, or property damage which an insured person is legally entitled to recover from the owner or operator of an uninsured auto....

*Uninsured Motorist Endorsement AU/1211.* Both the policy and the Uninsured Motorist Act allow recovery only for bodily injuries which an insured is *legally* entitled to recover from the owner or operator of an uninsured or underinsured automobile.

■ Whether or not the plaintiff is legally entitled to uninsured motorist benefits depends solely on the effect of the *Burns* decision. The general rule in both Mississippi and federal courts is that judicial decisions ordinarily apply retroactively. *Hall v. Hilbun,* 466 So.2d 856 (Miss.1986); *Jones v. Thigpen,* 741 F.2d 805 (5th Cir.1984). Allstate concedes that this is the general rule but argues that the case *sub judice* is the exception requiring nonretroactive application of the ruling announced in *Burns.*

■ In deciding the nonretroactivity question, we must consider the factors set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 305–06 (1971). Consideration must be given to (1) whether the decision to be applied establishes a new principle of law, either by overruling clear past precedent on which the litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshad-

owed; (2) whether retroactive application will further the purpose of the rule; and (3) whether retroactive application could produce substantial inequitable results. *Id.* Applying these factors to the present case, we find no reason to depart from the general retroactivity rule.

While it is true that *Burns* overruled clear past precedent on which Allstate might have relied in calculating automobile insurance premiums, it is equally clear that no such reliance occurred. Allstate argues that the insurance industry as a whole relied on the doctrine of interspousal immunity in determining premium rates for both liability and uninsured motorist coverage. Furthermore, Allstate asserts that following the *Burns* decision it began taking into account the risk of suits, in tort, by one spouse against the other as a factor in determining the premium to charge. *Affidavit of David R. Chernick.* Despite this assertion, however, Allstate has not sought a rate increase on uninsured or underinsured motorist coverages based on the abrogation of interspousal immunity. George Dale, the Mississippi Insurance Department's Commissioner of Insurance, reviewed all communications between the Insurance Department and Allstate relating to rate changes involving uninsured or underinsured motorist coverages from the date the *Burns* decision was handed down, January 13, 1988, until June 23, 1989. Thus, contrary to Allstate's assertions that abrogation of interspousal immunity has been factored into its uninsured motorist premium, no premium increase was requested by Allstate subsequent to *Burns. Affidavit of George Dale, Commissioner of Insurance, Mississippi Insurance Department.* Accordingly, the first prong of the *Chevron* test has not been met even though a new principle of law was established, since Allstate did not rely on the past clear precedent.

The second factor to be considered is whether the retroactive application will further the purpose of the ruling announced in *Burns.* It is important to note the language of the Mississippi Supreme Court in *Burns:*

[t]his Court is sufficiently persuaded that there is no justification to preserve and leave intact the interspousal immunity doctrine. In fact to do so repudiates the constitutional guarantee of equal protection of the laws. United States Constitution, Amendment XIV. *Price v. Price, supra* [732 S.W.2d 316 (Tex.1987).]

This time honored rule no longer fits the reasoning and rationale of today's mores as evidenced by the abrogation of the rule in whole or in part, in 44 of the states.

*Burns v. Burns,* 518 So.2d at 1211. In light of that court's finding that the immunity doctrine blatantly violated the Fourteenth Amendment's right of equal protection, the decision must necessarily be applied retroactively in order to further the purpose of the rule. It would be unjust to apply the decision prospectively, since to do so would require violating pre-*Burns* litigants' constitutional right to equal protection.

The final factor to be considered by the Court is whether the retroactive application could produce substantial inequitable results. As discussed previously, Allstate has not shown any prejudice by the decision. The present case involves the rights and obligations existing under an insurance contract. The Breland family paid for, and Allstate agreed to provide uninsured motorist benefits. Once the liability coverages of the policy were exhausted, then the Breland vehicle became an underinsured vehicle for purposes of the claim for uninsured motorist benefits. As a general rule it makes no difference who the claimant for the uninsured motorist benefits is since it is virtually impossible to foresee who a claimant for such benefits might be. Thus, the Court finds no substantial inequitable results in applying the general rule of retroactivity.

Furthermore, this Court finds it significant that the Mississippi Supreme Court neglected to address the retroactive effect of the *Burns* decision. In *Pruett v. City of Rosedale,* 421 So.2d 1046, 1052 (1982), the court abolished the doctrine of immunity of the sovereign but specifically limited its application prospectively. Thus, if the court had deemed it necessary to depart from the general rule and limit the application of *Burns* to prospective litigation, then it certainly would have done so.

## CONCLUSIONS

Accordingly, the Court is of the opinion that there is no reason to depart from the general rule of retroactivity in the application of the *Burns* decision. Therefore, the Court finds that Allstate's Motion for Summary Judgment as to its Counter-claim for Declaratory Judgment should be, and is hereby, overruled; and the plaintiff's Cross–Motion for Summary Judgment should be, and is hereby, granted.

Counsel for the plaintiff shall submit an order in conformity with the foregoing Opinion with ten (10) days.